**RECEIVED**

Check the box next to the best description
of your cause of action. **Choose only one.**

Prisoner Civil Rights: _____ [X]
Non-Prisoner Civil Rights: _____ [ ]
Personal Injury/Tort: _____ [ ]
Tax Collection Practices: _____ [ ]
Employment Discrimination: _____ [ ]
Other (specify): _____ [ ]

**JUL 0 9 2012**

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
HELENA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

DUANE RONALD BELANUS )
)
AO 3003449 )
              Plaintiff )
VS. )
)
LEO  DUTTON )
)
OFFICERS on DUTY 11 July 2009 )
)
OFFICER ADAM SHANKS )
)
DEPUTY  ERIC  GILBERTSON )
)
JASON GRIMMIS )
)
OFFICER  HAWTHORNE )
)
BRIAN  OLSON )
)
NICHOLAS ENGLAND )
)
TRAVIS DeMICHAELS )
)
CITY of HELENA )
)
LEWIS and CLARK COUNTY JAIL )
)
COUNTY of LEWIS and CLARK )
)
STATE of MONTANA )
              Defendants. )

Cause No._____
*(to be filled in by Clerk of Court)*

**Complaint**

**Jury Trial Demanded:** _____ [ X ]

**Jury Trial Not Demanded:** _____ [ _ ]

*Complaint (Revised 5/09)*
*Page 1 of 24*

*Plaintiff's Last Name*   __**BELANUS**__  __**AO 3003449**__   *Initials*  __//DRB//__

JailHouse_July2009_01_rev16

# INSTRUCTIONS

1. Use this form to file a civil complaint with the United States District Court for the District of Montana. You may attach additional pages where necessary.

2. Your complaint must include only counts/causes of action and facts - not legal arguments or citations.

3. Your complaint must be typed or legibly handwritten. All pleadings and other papers submitted for filing must be on 8 1;2" x 11" paper (letter size). Each plaintiff must sign the complaint (see page 7). The signatures need not be notarized. However, each signature must be an original and not a copy. You must pay the Clerk for copies of your complaint or other court records, even if you are proceeding in forma pauperis. The cost for copies is $0.50 per page and prepayment is required.

4. The filing fee for a complaint is $350.00. The filing fee is set by Congress and cannot be changed by the Court. In addition, you will be required to pay the cost of serving the complaint on each of the defendants. If you are unable to prepay the entire filing fee and service costs for this action, you may move to proceed in forma pauperis. *Your complaint will be returned to you without filing fees. If it is not accompanied by either the full filing fee or a motion to proceed in forma pauperis.* Please note that prisoners proceeding in forma pauperis are required to pay the full filing fee in installments.

5. Complaints submitted by persons proceeding in forma pauperis and complaints submitted by prisoners suing a governmental entity or employee are reviewed by the Court before the defendants are required to answer. *See* 28 U.S.c. §§ 1915(e)(2), 1915A(a); 42 U.S.c. § 1997e(c). After the Court completes the review process, you will receive an Order explaining the findings and any further action you mayor must take. The review process may take a few months; each case receives the judge's individual attention.

6. Pursuant to Standing Order DWM 27, "no prisoner may maintain more than two (2) civil actions in forma pauperis at one time, unless the prisoner shows that he or she is under imminent danger of serious physical injury."

7. The case caption (page 1 of this form) must indicate the proper Division for filing. A Division where the alleged wrong(s) occurred is a proper Division. When you have completed your complaint, mail the *original* of your complaint and either the full filing fee or your motion to proceed in forma pauperis to the proper Division:

## DIVISIONS:

**Billings Division:** Clerk of U.S. District Court, 316 N. 26th, Room 5405, Billings, MT 59101

(Big Horn, Carbon, Carter, Custer, Dawson, Fallon, Garfield, Golden Valley, McCone, Musselshell, Park, Petroleum, Powder River, Prairie, Richland, Rosebud, Stillwater, Sweetgrass, Treasure, Wheatland, Wibaux or Yellowstone County)

**Butte Division:** Clerk of U.S. District Court, 400 N. Main St., Federal Bldg. Rm. 303, Butte, MT 59701

(Beaverhead, Deer Lodge, Gallatin, Madison, or Silver Bow County)

**Great Falls Division:** Clerk of U.S. District Court, 215 1st Ave. North, P.O. Box 2186, Great Falls, MT 59403

(Blaine, Cascade, Chouteau, Daniels, Fergus, Glacier, Hill, Judith Basin, Liberty, Philips, Pondera, Roosevelt, Sheridan, Teton, Toole, or Valley County) Crossroads Correctional Center is located in Toole County

**Helena Division:** Clerk of U.S. District Court, 901 Front St., Ste 2100, Helena, MT 59626

(Broadwater, Jefferson, Lewis & Clark, Meagher, or Powell County) Montana State Prison is located in Powell County

**Missoula Division:** Clerk of the U.S. District Court, 201 E. Broadway, P.O. Box 8537, Missoula, MT 59807

(Flathead, Granite, Lake, Lincoln, Mineral, Missoula, Ravalli, or Sanders County)

# COMPLAINT

## I. PLACE OF CONFINEMENT

A. Are you incarcerated?   Yes [X]    No [ ]      (if No, go to Part II)

B. If yes, where are you currently incarcerated?

Cross Roads Correctional Center, Shelby, MT

C. If any of the incidents giving rise to your complaint occurred in a different facility, list that facility:

LEWIS and CLARK COUNTY (JAIL) DETENTION CENTER, located in the city of HELENA, MT, in the COUNTY of LEWIS and CLARK, in the STATE of MONTANA,.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### A. Non-Prisoners

1. Does any cause of action alleged in this complaint require you to exhaust administrative remedies before filing in court?

    Yes [ ]    No [ ]    Don't Know [ ]    Not Applicable [X]

2. If yes, have you exhausted your administrative remedies?

    Yes [ ]    No [ ]    Don't Know [ ]    Not Applicable [X]

**B. Prisoners** (If you listed other institutions in I C. above, please answer for each institution).

1. Is there a grievance procedure in your current institution?

    Yes [X]    No [ ]    Don't Know [ ]    Not Applicable [ ]

2. Did you fully exhaust the administrative grievance process within the jail or prison where the incidents at issue occurred?

Yes [ ]   No [ ]   Don't Know [ X ]   Not Applicable [ ]

3. If you did not fully exhaust the grievance process, explain why:

At the time of the event, I was confined ("Detained" at the Lewis and Clark County Jail) and have never been confined before, and was unaware of any process in place to remediate or seek compensation for my injuries. It has only been through my post-conviction relief legal research that I became aware of my US and Montana Constitutional Rights, which my defense attorney should have made me aware and **PROTECTED** but did not. I did inform my defense attorney about the beating incident, but he did not file anything on my behalf, stating to me that; "Well, you know, things like this happen in jail all the time."

# III. PARTIES TO CURRENT LAWSUIT

A. Plaintiff, **DUANE RONALD BELANUS** is a citizen of **MONTANA** and a citizen of the **UNITED STATES of AMERICA** presently residing at **Crossroads Correctional Center, Shelby, MT, 59474**

B Defendant **LEO DUTTON** is a citizen of **MONTANA** presently residing at **,UNKNOWN ADDRESS** employed as **Sheriff** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendants, **OFFICERS on DUTY 11 July 2009,** citizens of **MONTANA** presently residing at employed as, **Officers ,** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendant **OFFICER ADAM SHANK** is a citizen of **MONTANA** presently residing at **,UNKNOWN ADDRESS** employed as **Officer** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendant, **DEPUTY ERIC GILBERTS** is a citizen of **MONTANA** presently residing at, **UNKNOWN ADDRESS,** employed as, **Detective,** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendant, **OFFICER JASON GRIMMIS,** is a citizen of **MONTANA** presently residing at **UNKNOWN ADDRESS,** employed as, **Officer,** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendant, **Detention OFFICER HAWTHORNE,** is a citizen of **MONTANA** presently residing at **UNKNOWN ADDRESS,** employed as **Officer** at **Lewis and Clark County Sheriffs Department, 221 Breckenridge, Helena, MT 59601.**

Defendant, **BRIAN OLSON** is a citizen of **MONTANA** presently residing at **UNKNOWN ADDRESS** employed as **UNKNOWN ADDRESS.**

Defendant, **NICHOLAS ENGLAND,** is a citizen of **MONTANA** presently residing at **UNKNOWN ADDRESS** employed as **UNKNOWN ADDRESS.**

Defendant, **TRAVIS DeMICHAELS,** is a citizen of **MONTANA** presently residing at **UNKNOWN ADDRESS** employed as **UNKNOWN ADDRESS.**

Defendant, **CITY of HELENA** is an entity of the **COUNTY of LEWIS and CLARK;** presently existing at the town site of **HELENA, MONTANA, a City Entity of LEWIS and CLARK COUNTY, within THE STATE of MONTANA.**

Defendant, **COUNTY of LEWIS and CLARK,** is an entity of the **STATE of MONTANA** presently existing in **The STATE of MONTANA** as a **MEMBER COUNTY of THE STATE of MONTANTA.**

Defendant, **STATE of MONTANA,** is a entity of the **UNITED STATES of AMERICA,** presently residing in the **UNITED STATES OF AMERICA**, existing as a **MEMBER STATE OF THE UNITED STATES OF AMERICA, in PROTECTION OF THE CONSTITUITIONAL RIGHTS of all CITIZENS of the UNITED STATES OF AMERICA.**

## IV. STATEMENT OF CLAIMS

    **A. Count I** (State your cause of action, e.g., how have your constitutional rights been violated):

The Eighth (8th) and Fourteenth (14th) Amendments protect individuals against "Cruel

and Unusual Punishments", not only in sentencing, but also in what happens to

individuals in Jail or in Prison, such as assaults by other inmates.


If any rights have been violated, that are protected by the United States Constitution, by

any city, county or state official who is acting under the authority of local or state law, an

action may be filed under 42 USC 1983.


The violations of these Civil Rights are Guaranteed payment of damages by the

Montana Constitution Article II,  Sections 3, 4, 10, 11, 16, 17, 18, 22, and 34.

**1. Supporting Facts:** (Include all facts you consider important, including names of persons involved, places, and dates. State the facts clearly in your own words without citing legal arguments, cases, or statutes).

The Eighth (8th) and Fourteenth (14th) Amendments protect individuals against

"Cruel and Unusual Punishments", not only in sentencing, but also in what happens to

individuals in Jail or in Prison, such as assaults by other inmates.


If any rights have been violated, that are protected by the United States Constitution, by

any city, county or state official who is acting under the authority of local or state law, an

action may be filed under 42 USC 1983.


The Plaintiff, Mr. Duane Ronald Belanus, was detained and arrested on August 3, 2008,

and held at the Lewis and Clark County Jail until August 13, 2009.  The Plaintiff was

placed in a segregated block with others that had similar charges,  because had they been

placed in general population, they would have been attacked by other inmates, seeking

and executing  "Jail House Justice."  Simply put, they would have been subjected to a

"Hate Crime" by other inmates, ...... whether guilty or not.  The Plaintiff and several

other "Detainees" stayed in this block for roughly nine (9) months, until they were

placed in the Jails Library for a amount of time.  The reason why this occurred was

because the womens' Jail Pod was full, and they needed another Jail Pod for them.  Once

some openings came available in the Womens Jail, the Plaintiff and several others were place back into the segregated Pod because it was available for the men again. About a month later, the same occurrence happened again, the Womens' Pod became too full, and they had to be placed in the segregated Pod. In so doing, the officers placed the Plaintiff and several others in general population in separate blocks instructing that they not talk about their charges.

One of the "Detainees", who was place in Block #4, was there for only a couple of hours when several inmates took it upon themselves to administer their form of "Jail House Justice", and knocked this individual out and shattering his jaw; causing him to go to the hospital, hauled out on a gurney. This act was a sure sign of problems for those with similar disliked crimes. Yet, the officers, when confronted by the Plaintiff, said, "Everything will be alright, you are in a different block, and we are here to protect you."

As time went by, an individual moved into Pod #2; a Mr. Travis DeMichaels. The Plaintiff resided in Pod #1 right next door. This individual constantly harassed and threatened the Plaintiff, regularly whenever the opportunity presented itself, through the glass while in the Pod and during Pill-call in which the Plaintiff would have to walk by to and from the Medication station. Travis DeMichaels would yell profanities and get others involved in what could be described as a mob like atmosphere, with his taunts and

The officers in charge knew what was going on, and when queried, told the Plaintiff that he would be alright, that they were there to protect him, and that nothing would happen because he was in another block and they'd be kept separated. Rumors quickly spread around the Lewis and Clark County "Detention Center" (Jail), that the Plaintiff was in for a sex-crime, ...... which caused problems in the Pod the Plaintiff was housed in. Once this began, it took only hours before the inmates in the Plaintiff's Pod executed their version of "Jail House Justice" in the manner of a "Hate Crime."

On July 11, 2009, at around 10:30PM, the Plaintiff was on his way to "Pill Call" and Travis DeMichaels made several violent threats to the defendant, in front of the Guards. The Plaintiff told the Guards that he was afraid that something life threatening would happen, and that he did not want to go back to his Pod. The Plaintiff was ordered to go back to his Pod and that he had nothing to fear, as nothing was going to happen, because they were there to protect him. The Plaintiff made it very clear that his worries and fright that something life threatening was going to happen. During this time, Travis DeMichaels began passing notes to and from the Plaintiff's Pod, to Nick England, and Brian Olson.

Once the Plaintiff returned to his Pod as ordered by the Guards, he began reading his Bible when Nick England and Brian Olson entered his room, closed the door, and brutally attacked him. After several minutes of being beaten, the Plaintiff was able to somehow crawl to the door while both his attackers continued to assaulting him. The Plaintiff knew that he had to somehow reach the door, and hopefully push it open, or die in the attempt trying, so that the Officers in charge of the "cage" could see what was going on.

Brian Olson kept yelling, "Don't Stop!, Don't Stop!, It's only a misdemeanor." Brian Olson kept repeatedly smashing the Plaintiff's head into the concrete floor, while Nick England, repeatedly kicked the Plaintiff all over his body and face. The Guards eventually came in and stopped the assailants. At his time, the Plaintiff was able to get up on his knees, and eventually stand up, although very dizzy, and the everything appeared very "Bright", but he could not hear anything. Large pools of blood from the Plaintiff lay on the the Cell's and on the Day Room floor. The Plaintiff face was covered completely in blood. The officers escorted the Plaintiff to a holding cell in the "Booking" area, after the assailants were taken away and arrested on new charges. Inmates in the other Pods were cheering, yelling, and laughing the whole time.

After a while, the Plaintiff started suffering from extremely sharp pains in his sides. He

couldn't stand, and could barely breathe because of the excruciating pain. Emergency

personnel from the hospital came and assessed the Plaintiff and told the officers that he

had to be taken to the Hospital immediately. The officers told the EMTs that they would

take the Plaintiff to the Hospital, at which point they shackled the Plaintiff, and dragged

him to the Police car, ........ he could not stand or walk on his own, and had to keep his

legs tucked up towards his stomach because of the excruciating pain. The Plaintiff was

place into the Police car in the fetal position and upon arriving at the Hospital, was

dragged out of the Patrol car, and into an examining room, where the Nurse on duty,

checked the Plaintiff out. Mr. Belanus, could not urinate, so a Nurse had to insert a

catheter to make him relieve himself. The urine went into a "Banana Shaped" container

(bottle) , and blood was flowing into the bottle, along with amounts of urine. (The urine

was more red, than yellow.) Afterwards, the Plaintiff could stand, and walk, but with

great effort. The medical staff then sewed up Mr. Belanus' lower lip back together, as it

was split deep into his inner mouth, from the repeated smashing of his head and face

into the concrete floor at the Jail.


After this, X-Rays were performed to see if there were any broken bones. The Plaintiff

complained of an extremely bad headache, and that it hurt to move his jaw, while

attempting to talk. The Plaintiff was also experiencing blurred vision, and double

vision, ...... and noticed that his right eye was "wondering about" by itself, with no

control from the Plaintiff, and that the eyelid was droopy, and that he had no control over it, as he had on his left eye.

Once back at the jail, Mr. Belanus was place in a holding cell, and was told by the Hospital personnel, not to go to sleep for a certain period of time, because he was suffering from a possible severe concussion.

Days later, the Plaintiff was taken back to the Hospital, and was given a CAT Scan to access any damages to his brain because Mr. Belanus was suffering from a constant, severe headache, and his right eye was lazy, moving about on it's own, and the eyelid was droopy. It was determined that Mr. Belanus did in fact suffer from a severe concussion, and was told he would always suffer from headaches from that point on in his life.

As the enclosed /attached exhibits show, the Officers at the "Detention Center" knew about and purposely disregarded the Plaintiffs Concern for his safety and his life. A deliberate indifference and a failure to protect Mr. Belanus is a violation of his Constitutional rights. Mr. Belanus has a permanent disfigurement of his lower lip where a piece of flesh protrudes out of his mouth, his right eye brow hangs down sharply, and he suffers from erratic migraines caused by noises, smells, lighting, and weather

changes. When these migraine headaches occur, the plaintiffs, right ear has a very loud high pitched ringing noise. These migraine headaches last for as short as a couple of hours to as long as several days; with no medications providing pain relief. Mr. Belanus has never suffered from migraine headaches, tinniness (ringing in the ears) nor had facial disfigurements (two (2) visual facial scars, one (1) big line, scar on the outside of his lip; chipped and cracked teeth) or a "popping jaw", before this brutal attack against him.

The Lewis and Clark Detention Center billed Mr. Belanus for all of his medical costs acquired from August 3, 2008, until August 13, 2009, and place this amount in his required restitution owned the State at sentencing. Mr. Leo Gallagher, the Prosecutor representing the State of Montana, wrote a letter stating that Mr. Belanus' medical costs were paid for by the State; yet at the sentencing hearing, it is clearly stated by Mr. Gallagher, that he insisted that Mr. Belanus to pay for all of his medical costs while incarcerated and then requested of the court, and was so Court Ordered that Mr. Belanus pay for all of his debt from his medical bills.

Mr. Belanus has wrote to the Hospital and Doctors' offices to acquire billing statements, with NO RESPONSE. In the absence of a response from the Hospital, the billings at the Detention Center should provide the necessary information. Leo Gallagher should show

cause to provide all billing statements and medical costs. To this end, the Plaintiff has attempted to gather such information with NO RESPONSE.

To survive summary Judgement of an Eighth (8th) Amendment claim asserted under Section 1983, which alleges that Prison Officials failed to adequately protect an inmate from harm, the inmate is required to produce sufficient evidence of substantial risk of serious harm, and the Defendant's deliberate indifference to that risk and causation thereof. Hamilton v. Leavy, C.A.3 (Del) 1997, 117 F.3d 742. The defendant's are officials of local and County Governments, their authority derived from State Law and they are personally involved in causing the violation of legal and Constitutional Rights. Parrant v Taylor, 451 US 527, 101 S. Ct 1908, 1913 n.3 (1981); Tayler v Sgt Cox (SGIG) et al., 912 F. Supp. 140, (E.D. Pa 1995)

Under a 1983 Civil Complaint, "Failure to Act" can be a claim. Smith v Ross, 482 F.2d 33 (6th Cir 1978). The individuals who failed to act should have been trained by their superiors in case a situation occurs to know how to act and rectify a potential threat of imminent danger. The Superior Officers of the Plaintiff as well as their Superiors are liable in this claim. The Superior officers knew of the facts of individuals who had disliked crimes were in danger of being harmed, and even told Mr. Belanus not to talk to

anyone about his crimes, to make up something (a lie) if he had to." When individuals who have disliked crimes come to Jail, they are placed in a Protected Custody Cell Block but only when the Jail got too full did these individuals become placed in the general population. The Superiors of the General Officers can only make an official move like that. When one (1) individual was seriously injured in Pod #4, all staff officers were aware of that imminent present danger and that problems could occur, but chose to chance the lives and the safety of those individuals by placing them in the general population. Only after the beatings occurred did the officers and their superiors decide to place those who got hurt or could get hurt into the library at the Lewis and Clark County "Detention Center". This "Gross Negligence" and "Reckless Disregard" for an inmates' health and mortal safety can not be held just to the officers involved in this case when their Superior Officers involved in this case were fully aware of what could happen to an inmate with a disliked crime ("Hate Crime") because a pattern had already been established and existed; and if someone who was rightfully fearful of being injured or mortally wounded, informed lower staff, their training, provided by their superiors, should have caused a solution to the problem instead of completely ignoring the obvious occurring threats of violence and harm to Mr. Belanus. The Plaintiff suffered from mental, and physical stress, and anguish because the whole time he was in this particular cell block he knew that if certain individuals ever found out the true nature of the alleged crimes the Plaintiff had committed, he would be seriously harmed.

This "Hate Crime" that occurred, was easily avoidable and clearly provided concern by the assailants who carried out their threats of violence in front of the officers and most importantly, the Plaintiff who expressed Grave concern for his mortal safety and health was ignored in "Reckless Disregard" of the Plaintiffs protected Constitutional Rights. What cannot be ignored is that other inmates expressed the same concerns to the officers whose verbal input was disregarded.


The Plaintiff's Constitutional Rights and Protections under the Eighth (8th) and Fourteen (14th) Amendments for "Cruel and Unusual Punishments" under both the United States and Montana Constitutions have been violated; ...... that certain "Hate Crimes" and events were allowed and did in fact occur; ....... " A Reckless Disregard; A Failure to Protect; A Gross Negligence; and A Deliberate Indifference"; have been allowed to take occur against the Plaintiff; ........ and money damages are requested from the assailants and the initiator, the officers, their superiors, the City of Helena, the County of Lewis and Clark, and the State of Montana. These money damages pale in comparison and cannot ever begin to approach and will never compensate for the life long suffering that the Plaintiff will now endure due to the permanent nature of the injuries sustained, and will continue to suffer from ....... for the rest of his life. The

violations of these Rights are Guaranteed damages by the Montana Constitution Article

II, Sections 3, 4, 10, 11, 16, 17, 18, 22, and 34.


(NOTE: For each additional claim, use a blank sheet labeled "APPENDIX B. STATEMENT OF CLAIMS." You must set forth two paragraphs for each count, one consisting of Supporting Facts (following the directions under IV(A)(1)), and one consisting of Defendants Involved (following the directions under IV(A)(2)).

# V. INJURY

Describe the injuries you suffered as a result of each individual defendant's actions. (Do no cite legal arguments, cases, or statutes).

I have been permanently scarred, and injured; both physically, and emotionally, and will suffer from migraine headaches and the "ringing" in my ears for the rest of my life, with no hope of ever getting better due the very nature of the brain injury sustained.

My jaw makes "Popping Noises" when I move it; which is unnatural, and did not occur before the beating. When my jaw pops, there is sometimes a sudden sharp pain associated with the "popping" noise. The dental personnel at the prison asked me if I ever had a jaw injury; to which I told them about my beating that occurred in the Lewis and Clark County Jail. They stated that the jaw "popping" and associated pain will never go away and may lead to further complications in the future.

The long term effects from the brain injury cannot be predicted. I may become epileptic; ..... suffering from unpredictable and uncontrollable seizures; which will affect my life in the most unpleasant manner; ...... even if I am successful with my post-conviction relief currently in progress, my life is **FOREVER CHANGED**; ....... I may even die because of the brain injury sustained.

To be incarcerated for a sentence of life without the possibility of parole, with the added punishment of life long pain that I now experience and will continue to suffer, experience and endure for the rest of my life is cruel and unusual punishment. The true worth of compensation for my injury is incalculable.     There is no price (Monetary Value) that can fully compensate me for my life-long injury.

(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX C: *Injury* ").

# VI REQUEST FOR RELIEF

*Describe the relief you request. (Do no cite legal arguments, cases, or statutes).*

This action is a civil tort action.  I am requesting civil monetary damages in excess of $75,000 from each defendant for just causes  of:   personal injury of a permanent nature which causes excruciating pain with no hope of ever getting better due to the very nature of the brain injury sustained.

*(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled* "APPENDIX D: REQUEST FOR RELIEF").

## VII PLAINTIFF'S DECLARATION

A. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me.

B. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that:

• social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx-5271, xx-xxx5271, xxxxxxxx3567);

• birth dates must include the year of birth only (e.g. xx/xx/2001); and

• names of persons under the age of 18 must include initials only (e.g. L.K.).

If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court. I understand I am responsible for protecting the privacy of this information.

C. I declare under penalty of perjury that I am the plaintiff in this action, I have read this complaint, and the information I set forth herein is true and Correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

D. (Prisoners Only) This Complaint was deposited in the prison system for legal mail, postage prepaid or paid by the prison, on

_June 29_____ , 2012.

Executed at *(Location)* **Cross Road Correctional Facility, Shelby Montana,** on

*(Date)* _June 29_ , 2012.

_Duane Ronald Belanus_
Signature of Plaintiff

(If there is more than one Plaintiff, each Plaintiff must sign the complaint using a separate declarations page).

*Complaint (Revised 5/09)*
*Page 23 of 24*

*Plaintiff's Last Name* __**BELANUS** AO 3003449__ *Initials* __//DRB//__

JailHouse_July2009_01_rev16

## Appendix E Listing of Exhibits

1. Exhibit A:  Attachments of  letters,  complaint, police reports, statements, Court

   actions, and medical reports.  (30 pages)