# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS,<br><br>Plaintiff,<br><br>vs.<br><br>LEO DUTTON, OFFICERS ON DUTY 11 JULY 2009, OFFICER ADAM SHANKS, DEPUTY ERIC GILBERTSON, JASON GRIMMIS, OFFICER HAWTHORNE, BRIAN OLSON, NICHOLAS ENGLAND, TRAVIS DeMICHAELS, CITY OF HELENA, LEWIS and CLARK COUNTY JAIL, COUNTY of LEWIS AND CLARK, and the STATE OF MONTANA,<br><br>Defendants. | Cause No. CV 12-00065-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

## SYNOPSIS

Plaintiff Duane Belanus filed an Amended Complaint under 42 U.S.C. § 1983, alleging his Constitutional rights were violated when he was the victim of an attack while in pretrial detention. He also filed a Motion to Amend the Requested Relief Section of his Amended Complaint. CD 6. This matter should be dismissed

1

because Mr. Belanus failed to exhaust his administrative remedies. The Motion to Amend will be denied as moot.

## JURISDICTION

Mr. Belanus filed this action in federal court. CD 1. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). The Amended Complaint makes allegations under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331. The case was assigned to Hon. Dana Christensen, United States District Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

A pre-service review of Mr. Belanus's original Complaint found that it failed to state a claim upon which relief may be granted. Mr. Belanus was granted leave to amend his Complaint. CD 4. On December 19, 2012, Mr. Belanus filed an Amended Complaint. CD 5. Mr. Belanus filed a Motion to Amend the Amended Complaint's Request for Relief on December 26, 2012. CD 6. The Amended Complaint must be reviewed by the court before service. 28 U.S.C. § 1915A. The Amended Complaint must be dismissed upon review if it is found to be frivolous, fails to state a claim, or seeks monetary damage from an immune party. Id.

**STANDARDS**

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

### C. 42 U.S.C. § 1983

The Prison Litigation Reform Act ("PLRA") contains an exhaustion requirement which states: [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a); see also Porter v.

Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001). A prisoner who does not make any attempt to utilize an available grievance system cannot sidestep the exhaustion requirement by arguing that it would be futile to attempt to exhaust within the prison system. Booth, 532 U.S. at 741 n. 6 ("we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"); see also Woodford v. Ngo, 548 U.S. 81, 100 (2006) ("if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court").

Exhaustion of administrative remedies is not a pleading requirement. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216 (2007). However, a complaint must be dismissed when failure to exhaust appears on the face of the pleading. Jones, 549 U.S. at 215. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt, 315 F.3d at 1120.

## ANALYSIS

Mr. Belanus admits on the face of his Amended Complaint that he did not

fully exhaust the administrative grievance at the jail where the incidents at issue occurred. He contends there was no need to file a grievance because the officers filed the necessary charges and complaints. CD 5, p. 3. However, those charges were brought against the inmates who attacked Mr. Belanus. There is no indication that any charges or complaints were brought against the Defendants named in this action. The PLRA requires that a plaintiff pursue all available avenues of administrative review before suing in federal court. Woodford, 548 U.S. at 100. Mr. Belanus conceded he did not file a grievance regarding his claims and no exception applies in these circumstances. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Mr. Belanus failed to exhaust his administrative remedies. This matter should be dismissed without prejudice. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)(proper remedy for failure to exhaust non-judicial remedies is dismissal without prejudice). It is not clear under Ninth Circuit law whether a dismissal for failure to exhaust administrative remedies is sufficient to count as a strike. O'Neal v. Price, 531 F.3d 1146, 1155, n. 9 (9th Cir. 2007). Therefore this dismissal should not count as a strike pursuant to 28 U.S.C. § 1915(g).

At all times during the pendency of this action, Mr. Belanus SHALL

6

IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED:**

In light of the recommendation to dismiss this matter for failure to exhaust administrative remedies, the Motion to Amend (CD 6) is denied as moot.

It is **RECOMMENDED:**

This matter should be dismissed without prejudice. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Belanus may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Belanus files objections, he must itemize each factual finding to

which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Belanus from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of April, 2013.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge