**FILED**

JUL 08 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS, | CV 12–65–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LEO DUTTON, OFFICERS ON DUTY 11 JULY 2009, OFFICER ADAM SHANKS, DEPUTY ERIC GILBERTSON, JASON GRIMMIS, OFFICER HAWTHORNE, BRIAN OLSON, NICHOLAS ENGLAND, TRAVIS DeMICHAELS, CITY OF HELENA, LEWIS and CLARK COUNTY JAIL, COUNTY of LEWIS AND CLARK, and the STATE OF MONTANA, | |
| Defendants. | |

United States Magistrate Judge Keith Strong issued findings and recommendations to dismiss Plaintiff Duane Belanus's complaint on April 10, 2013. (Doc. 7.) Belanus timely filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The parties are familiar with the procedural history of this case, so it will only briefly be repeated here.

1

Belanus filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated when he was attacked in prison as a pretrial detainee. Judge Strong recommended that Belanus's Amended Complaint be dismissed because Belanus failed to exhaust administrative remedies as required by the Prison Litigation Reform Act.

Belanus objected to Judge Strong's Findings and Recommendation stating that: 1) as a pretrial detainee he has at least the same constitutional rights afforded to prisoners and 2) he never received a copy of the Lewis and Clark County Detention Center grievance policy, the policy was not posted, Belanus did not know the policy existed, and he was never given materials to submit a written grievance. Having considered Belanus's objections, this Court finds, as Judge Strong did, that Belanus failed to exhaust his administrative remedies.

## I.  STANDARDS

### A.  Pro Se Complaints

Pro se complaints are given more leniency than complaints drafted by attorneys. "A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal citation omitted).

2

Plaintiff has submitted a pro se complaint, which will be considered accordingly.

### B. 42 U.S.C. § 1983

The Prison Litigation Reform Act contains an exhaustion requirement which states: "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997(e)(a). Cases must be dismissed for failure to exhaust "on the face of the pleading." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Prisoners who do not attempt to use a prison's grievance process cannot argue that exhausting the grievance process would have been useless. *Booth v. Churner*, 532 U.S. 731, 741 (2001). "If the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *Woodford v. Ngo*, 548 U.S. 81, 100 (2006). The exhaustion requirement applies to pretrial detainees. *Panaro v. City of N. Las Vegas*, 432 F.3d 949, 950, 952-53 (9th Cir. 2005).

### C. Availability of the Prison's Grievance Policy

A majority of courts have held that ignorance of a prison's grievance policy does not excuse plaintiffs from failing to exhaust administrative remedies. *Johnson v. District of Columbia*, 869 F. Supp. 2d 34, 41 (D.D.C. 2012) (citing,

3

among other cases, *Twitty v. McCoskey,* 226 Fed. Appx. 594, 596 (7th Cir. 2007); *Brock v. Kenton County,* 93 Fed. Appx. 793, 798 (6th Cir. 2004); *Gonzales–Liranza v. Naranjo,* 76 Fed. Appx. 270, 273 (10th Cir. 2003)). Like the district court in *Johnson*, this Court is persuaded by the majority view that a plaintiff's failure to exhaust administrative remedies is only excused where prison officials have affirmatively prevented the prisoner's access to the grievance system. "An inmate's subjective lack of information about his administrative remedies does not excuse a failure to exhaust." *Id.* at 41. The court in *Johnson* found the prisoner could have sought assistance from his family, friends, or the warden who was on duty to assist him, but he did not. *Id.* at 41. Thus, the prisoner failed to exhaust and was barred from suing in federal court.

Similarly, here, Belanus has not raised any facts in his original or amended complaints or his objections to suggest that he sought information about what remedies might be available to him. Nor has he suggested that any officials affirmatively prevented him from learning about the grievance procedures. He merely asserts in his original complaint and his objections (but not, notably, in his Amended Complaint) that he did not know a grievance policy existed. This is insufficient to avoid his obligation to exhaust his administrative remedies before seeking relief here. A prisoner or pretrial detainee cannot avoid his responsibility

4

to exhaust administrative remedies by wholly failing to pursue them. Therefore, per Judge Strong's recommendation, this case is dismissed without prejudice for failure to exhaust administrative remedies.

IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 7) are ADOPTED in full.

2. Belanus's Amended Complaint (doc. 5) is DISMISSED WITHOUT PREJUDICE.

3. The Clerk of Court is directed to enter by separate document a judgment of dismissal pursuant to Rule 58 of the Federal Rules of Procedure.

Dated this 8th day of July 2013.

Dana L. Christensen, Chief Judge
United States District Court