FILED

OCT 10 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS, | CV 12-00065-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHERIFF LEO DUTTON, et al., | |
| Defendants. | |

Currently pending are Mr. Belanus's Motion to be in Appropriate Clothing for Court (Doc. 133); Rule 35 Motion for Experts (Doc. 134); Motion for a Bench Trial and Jury Trial (Bifurcate) (Doc. 135); Motion for Leave to File Under Seal (Doc. 136); Motion to Hold a Hearing via Telephone (Doc. 137); Motion for Temporary Restraining Order and a Hearing (Doc. 138); Motion for Limited Legal Assistance (Doc. 139); Response for Sanctions (Doc. 141); Motion for Extension of Time (Doc. 142); Motion for Clarification (Doc. 143); Rule 706 Motion for Experts (Doc. 147), and Motion for Funds to Retain Experts (Doc. 148).

**I. Motion to be in Appropriate Clothing for Court (Doc. 133)**

The Court will allow Mr. Belanus to appear at trial in civilian clothes but he must make arrangements with the prison to do so. The Court has no means by which to provide clothing for Mr. Belanus.

## II. Motions for Experts

### A. Rule 35 Motion for Experts (Doc. 134)

Mr. Belanus cites to Rule 35(a)(1) of the Federal Rules of Civil Procedure for the proposition that the Court should provide an expert witness as to his medical/mental condition. Rule 35 provides that the Court "may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed.R.Civ.P. 35(a)(1). Thus, the Court may compel a party to submit to a physical or mental examination. This rule does not provide that the Court must provide an expert witness for any party. "Rule 35 does not allow for a physical examination of oneself." *Berg v. Prison Health Servs.*, 376 F. App'x 723, 724 (9th Cir. 2010).

### B. Rule 706 Motion for Experts (Doc. 147)

The Court does have the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . " Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Under Rule 706, experts are properly appointed in the court's

2

discretion to assist the trier of fact in evaluating contradictory or complex evidence. *Walker*, 180 F.3d at 1071 (independent expert appointed to assist court in evaluating conflicting evidence of elusive disease of unknown origin); *McKinney v. Anderson*, 924 F.2d 1500, 1510–11 (9th Cir. 1991) (noting court's discretion to appoint expert in case involving complex scientific issues concerning effects of secondary cigarette smoke), *vacated on other grounds, Helling v. McKinney*, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue . . . " *Levi v. Dir. of Corr.*, 2006 U.S. Dist. LEXIS 18795, *2, 2006 WL 845733 (E.D. Cal. 2006) (citation omitted).

The Court has the discretion to appoint an expert and to apportion costs, including the appointment of costs to one side. Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071. But where the cost would likely be apportioned to the government, the court should exercise caution. Appointment of an expert is not appropriate for the purpose of assisting a litigating party for his own benefit. *See Carranza v. Fraas*, 763 F.Supp.2d 113, 119–20 (D.D.C. 2011); *Pedraza v. Jones*, 71 F.3d 194, 198 n. 5 (5th Cir. 1995); *Trimble v. City of Phoenix Police Dept.*,

2006 U.S. Dist. LEXIS 13061, *6, 2006 WL 778697 (D. Ariz. 2006) (citation omitted).

Mr. Belanus has not shown issues of requisite complexity requiring appointment of an expert witness to assist the trier of fact. Rather, he seeks the appointment of an expert to support his own arguments. That is not the function of a neutral expert witness.

Mr. Belanus argues that Defendants are now presenting a "never-before-mentioned" legal defense that Mr. Belanus's injuries were not caused by the assault at LCDC and a physical exam is the only remedy available to correct this controversy. (Doc. 134 at 3-5.) Defendants have always maintained that they were not the cause of any damage or injury to Mr. Belanus. (Answer, Doc. 43 filed November 9, 2015.) This is not a new issue. Mr. Belanus would have always had the burden to prove that his damages were caused by Defendants' actions. This is an insufficient basis upon which to appoint an expert. The motion will be denied.

### C. Motion for Funds to Retain Experts (Doc. 148)

Mr. Belanus also seeks funds to retain experts in this case because of his indigency. He cites no authority for such action and the Court is unaware of any such authority to provide funds to a litigant to retain an expert. As set forth above,

appointment of an expert is not appropriate for the purpose of assisting a litigating party for his own benefit. In addition, the discovery period in this matter ended on April 18, 2016. (Scheduling Order, Doc. 45.) Thus, the time for disclosure of witnesses, including expert witnesses has long passed.

The motion for funds to retain an expert will be denied.

### III. Motion for a Bench Trial and Jury Trial (Bifurcate) (Doc. 135)

In his motion for a bench trial, Mr. Belanus requests that this case be tried in two proceedings. First, he seeks a bench trial on the issue of liability and then a trial by jury on the issue of damages. The motion will be denied because Defendants have not waived their right to a trial by jury and continue to demand a trial by jury on all issues, including liability and damages. Pursuant to Fed. R. Civ. P. 39(a)(1) a party may only withdraw a previously asserted jury demand through an oral or written stipulation by all parties. Mr. Belanus made a jury demand when he filed his original complaint on July 9, 2012. (Doc. 1.) Defendants made their jury demand in their Answer filed November 9, 2015. (Doc. 43.) Defendants have not consented to the withdrawal of the jury demand, and therefore Mr. Belanus's motion must be denied.

### IV. Motion for Leave to File Under Seal (Doc. 136)

Mr. Belanus seeks to file his motion for temporary restraining order,

declaration in support of the motion for temporary restraining order, declaration in support of motion for legal assistance and motion to hold a hearing via telephone under seal. The only basis for his motion is that "the matter contained in these filings are best suited for only the parties involved and this Honorable Court out of respect for the proceedings." (Doc. 136.) Based upon other filings, it appears that Mr. Belanus seeks to file these matters under seal because he discloses issues raised during the mediation in this matter. Out of an abundance of caution, the motion will be granted.

## V. Motion to Hold a Hearing via Telephone (Doc. 137)

Mr. Belanus seeks to hold a hearing because Dee Ann Cooney, former counsel for Defendants, participated in the mediation and raised two legal defenses. The mediator appointed by the Court, Mr. Tim Line had full authority to decide which participants to allow at the mediation. The mere fact that Ms. Cooney was present at the mediation, even though she is no longer an attorney of record in the case, does not establish bad faith.

Mr. Belanus also objects to the issues of exhaustion and causation of Mr. Belanus's injuries being presented to the jury. There is no need to hold a telephonic hearing on these issues. As set forth above, the issue of causation has always been an issue in this case and it will be Mr. Belanus's burden to establish

that his injuries were caused by Defendants' conduct.

With regard to exhaustion, Defendants' motion for summary judgment regarding exhaustion was denied because there was a genuine issue of material fact regarding (1) whether Belanus was given any information on the Detention Center's grievance policy; (2) whether the grievance policy contained misleading information; (3) whether Mr. Belanus was threatened with retaliation if he filed additional grievances. (Doc. 42.)

The Ninth Circuit has specifically held that "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." *Albino v. Baca*, 747 F.3d 1162, 1170-1171 (9th Cir. 2014). The issue of exhaustion will not go to the jury. If Defendants want a hearing on the issue, they must make that request.

Mr. Belanus has not been prejudiced due to the discussion of Defendants' legal defenses at the mediation. The motion for a telephonic hearing will be denied.

**VI. Motion for Temporary Restraining Order and a Hearing (Doc. 138)**

Mr. Belanus seeks a temporary restraining order to prevent him being housed at the Lewis and Clark County Detention Center during trial. He argues

that because he was assaulted at that facility in 2009 he is likely to be assaulted again. (Doc. 138).

The Supreme Court has cautioned federal courts to not interfere with the day-to-day operations of the prisons, especially in those matters related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should "avoid enmeshing themselves in the minutiae of prison operations"). As such, the Court will not interfere with law enforcement's decision as to where to house Mr. Belanus during the course of the trial in this matter. That decision will be left to the authorities at the Montana State Prison and within the United States Marshal's Office.

## VII. Motion for Limited Legal Assistance (Doc. 139)

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they bring a civil lawsuit under 42 U.S.C. § 1983. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Belanus seeks the appointment of counsel for the limited scope of helping him to locate and contact witnesses for trial and to assist him in preparing final arguments and submissions. (Doc. 140 at 5.) He argues he is currently incarcerated, has minimal financial resources, the prison's law library is inadequate, and he is incapable of locating witnesses.

Many indigent plaintiffs might fare better if represented by counsel, particularly in conducting discovery and the securing of expert testimony. However, this is not the test. *Rand*, 113 F.3d at 1525. Plaintiffs representing themselves frequently confront challenges in performing legal investigation of the facts. However, these challenges are not insurmountable and do not render a case complex. *See Wilborn*, 789 F.2d at 1331. Factual disputes and examination of witnesses at trial do not establish exceptional circumstances supporting the appointment of counsel. *Rand*, 113 F.3d at 1525.

Here, it must first be noted that Mr. Belanus is not proceeding in forma

pauperis. He paid the filing fee when he filed his case and his motion to proceed in forma pauperis was therefore denied. (Doc. 4.) As such, he technically cannot request counsel under the 28 U.S.C. § 1915(e)(1), the statute governing proceedings in forma pauperis.

Further, Mr. Belanus has not made a sufficient showing of exceptional circumstances. He has survived summary judgment but has not made a sufficient showing of likelihood of success on the merits. Moreover, his pleadings and numerous filings clearly demonstrate his ability to articulate his claims. The motion to appoint counsel will be denied.

## VIII. Sanctions

On April 5, 2017, the Clerk of Court issued a subpoena to Crossroads Correctional Center to produce Mr. Belanus's medical records. Warden Douglas Fender was served with the subpoena on April 18, 2017. When Crossroads did not respond, Mr. Belanus filed a motion to compel compliance on May 17, 2017. (Doc. 124.) The motion was granted and Warden Fender was ordered to show cause why he had not complied with Mr. Belanus's subpoena. (Doc. 125.) Warden Fender represented that the failure to comply was inadvertent as he believed steps had been taken to produce those documents to Mr. Belanus. Warden Fender then represented that Mr. Belanus's medical records were mailed

10

to him via certified mail on August 30, 2017. (Doc. 131.)

In his response for sanctions (Doc. 141), Mr. Belanus argues he has not yet received the records. However, Warden Fender presented a certified mail receipt indicating that Mr. Belanus's medical records were mailed via certified mail to Montana State Prison, Attn: Duane Belanus. (Doc. 132.) The United States Post Office indicates this package was delivered to the Prison on September 1, 2017 at 8:57 a.m.[1] To the extent Mr. Belanus has not received these documents, his issue is with Montana State Prison and is not a basis for sanctions against Crossroads or Warden Fender.

Mr. Belanus also complains that Crossroads violated HIPPA by mailing the medical records to someone other than himself. As set forth above, the medical records were sent to Montana State Prison, attention Duane Belanus. (Doc. 132.) Rule 45 of the Federal Rules of Civil Procedure provides that, "a subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed.R.Civ.P. 45(c)(2). Crossroads is more than 100 miles from Montana State Prison and Warden Fender

---

[1] https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70151520000011782169%2C (accessed October 4, 2017).

was under no obligation to hand deliver the medical records to Mr. Belanus.

Rule 45(g) of the Federal Rules of Civil Procedure provides: "The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The Court does not find a sufficient basis upon which to hold Crossroads or Warden Fender in contempt. The request for sanctions will be denied.

## IX. Motion for Extension of Time (Doc. 142)

Mr. Belanus moved to vacate the current trial date of November 20, 2017 and extend all pending deadlines for a period of six months. He argues that due to his incarceration he has limited access to legal research materials and he is unable to locate and contact witnesses. As a result, he argues he cannot meet the deadlines set forth in the Court's trial scheduling order.

The Court finds that Mr. Belanus has not stated good cause to delay this matter further. This matter has been pending for more than five years now and the incidents at issue occurred more than eight years ago. The Court will not delay this matter further. Mr. Belanus complains about a lack of legal materials but in the past ten days he has filed more than 140 pages of motions. He covers every issue in detail and with citation to legal authority. He has repeatedly demonstrated

12

his ability to competently litigate this matter.

Mr. Belanus indicates that he does not have a copy of the Ninth Circuit's Model Jury Instructions. The Court will have the Clerk's Office provide Mr. Belanus with a copy of the model instructions which relate to his failure to protect claims specifically model instructions numbers 9.1 - 9.8, 9.28. The trial in this matter is almost two months away. The final pretrial order is not due until November 6, 2017. There is more than sufficient time to prepare this matter for trial.

The motion will be denied.

## X. Motion for Clarification (Doc. 143)

Mr. Belanus seeks clarification regarding whether he will have access to a pen and paper during and after trial and if he will have access to his legal materials after trial ends for the day so he can prepare for the next day.

This motion will be granted to the extent the officers transporting Mr. Belanus can coordinate his requests. Again, the Court will not interfere with law enforcement's procedures regarding the transportation of Mr. Belanus. To the extent, Mr. Belanus believes a procedure is prejudicing his ability to try this case, he may raise that issue at the final pretrial conference.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Belanus's Motion to be in Appropriate Clothing for Court (Doc. 133) is GRANTED subject to the conditions set forth above.

2. Mr. Belanus's Rule 35 Motion for Experts (Doc. 134) is DENIED.

3. Mr. Belanus's Motion for a Bench Trial and Jury Trial (Bifurcate) (Doc. 135) is DENIED.

4. Mr. Belanus's Motion for Leave to File Under Seal (Doc. 136) is GRANTED.

5. Mr. Belanus's Motion to Hold a Hearing via Telephone (Doc. 137) is DENIED.

6. Mr. Belanus's Motion for Temporary Restraining Order and a Hearing (Doc. 138) is DENIED.

7. Mr. Belanus's Motion for Limited Legal Assistance (Doc. 139) is DENIED.

8. Mr. Belanus's Response for Sanctions (Doc. 141) to the extent it is construed as a motion for sanctions against Crossroads Correctional Center is DENIED.

9. Mr. Belanus's Motion for Extension of Time (Doc. 142) is DENIED.

10. Mr. Belanus's Motion for Clarification (Doc. 143) is GRANTED.

DATED this 10th day of October, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court