**FILED**

NOV 16 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DUANE RONALD BELANUS, | CV 12-00065-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| SHERIFF LEO DUTTON, et al., | |
| Defendants. | |

Currently pending are Defendants' Motion in Limine (Doc. 156),

Defendants' Amended Motion in Limine (Doc. 158) and Plaintiff Duane Belanus's

three Motions in Limine (Docs. 160, 176, 177), Motion for On-Call Procedures

(Doc. 161), Motion to Supplement/Amend Defendants (Doc. 170), Motion for

Judicial Notice (Doc. 174), and Motion to Issue Subpoena (Doc. 192).

## I. MOTIONS IN LIMINE

### A. Defendants' Motions in Limine

Defendants' motions in limine will be granted and there shall be (1) no

reference to Defendants' insurance status; (2) no reference to the Montana

Association of Counties; (3) no reference to offers to compromise; (4) Mr.

Belanus is prohibited from asking the jurors to put themselves in his position and

give him what they would want in this litigation if they or their loved ones were

1

similarly damaged; (5) witnesses will not be allowed to offer testimony which constitutes a legal opinion or conclusion and counsel/Mr. Belanus shall not be allowed to elicit such testimony from any witness; (6) no evidence will be admitted that was not previously disclosed in discovery; (7) Mr. Belanus may not use lay testimony to establish either cause or permanency of alleged injuries; and (8) the parties may not comment or make reference to any pretrial motion, including motions to exclude evidence, in the presence of the jury.

## B. Mr. Belanus's Motion in Limine A

Mr. Belanus requests that counsel be required to refer to Mr. Belanus, inmate witnesses, and other individuals by name. This request will be granted.

Next he requests that general terms such as inmates or offenders not be used when referencing day-to-day operations, rules, or procedures. He asks that these individuals be referred to as "incarcerated citizen" or "incarcerated individual." This request is denied. The parties shall be allowed to use common terms such as inmate or offender.

## C. Mr. Belanus's Motion in Limine B

Mr. Belanus requests that counsel not be allowed to refer to Mr. Belanus's filings and arguments made in other cases. Mr. Belanus argues these other cases are irrelevant and would only serve to confuse and prejudice the jury. This

includes reference to Mr. Belanus's criminal matter.

The Court will grant this motion. Should either party believe that reference to another proceeding is necessary at this trial, they should seek permission to discuss the matter outside the presence of the jury.

The Court does note that the agreed facts presented in the proposed pretrial order (which was not signed) makes reference to the criminal charges for which Mr. Belanus was convicted. (Doc. 183 at 3.) This issue will be discussed at the final pretrial conference.

### C. Mr. Belanus's Motion in Limine C

Mr. Belanus requests that Defendants be required to wear civilian clothing during trial. This motion will be denied. Defendants are law enforcement officers and as such have uniforms which they will be allowed to wear at trial.

## II. Motion for On-Call Procedures

Mr. Belanus is seeking to exclude witnesses from the courtroom until they are excused. The motion will be granted except as to Defendants who have the right to sit at counsel table.

## III. Motion to Amend/Motion for Judicial Notice

During discovery, Mr. Belanus asked for the names and photographs of employees at the Lewis and Clark County Detention Center. Defendants objected

on the grounds that they did not have photographs of their employees. Mr.

Belanus filed a motion to compel these photos and that motion was denied by this

Court on March 23, 2017 and the Court stated:

> Defendants are only required to produce items in their "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). A party is not required to create items to disclose in discovery. Rule 34 of the Federal Rules of Civil Procedure only requires a party to produce documents that already exist. *See Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000). A party responding to a Rule 34 document request cannot be compelled to prepare or create new documents. *Ibid.; see also Paramount Pictures Corp. v. Replay TV*, No. CV 01–9358 FMC (Ex), 2002 WL 32151632, at *2 (C.D.Cal.2002) *(citing Alexander*, 194 F.R.D. at 310). The rules of discovery do not require a party to create or generate responsive materials (in this case, photographs) but only to produce and allow inspection of "items in the responding parties' possession, custody, or control." *Seed Research Equipment Solutions, LLC v. Gary W. Clem, Inc.*2011 WL 3880895 (D.Kan 2011). Because the Court has no authority to require Defendants to create items that a party does not have in its possession, custody or control, Mr. Belanus's motion with regard to all documents that Defendants represent they do not have in their possession, custody or control will be denied.

> Mr. Belanus cites to *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) for the proposition that he was entitled to photographs of all staff at LCDC in order to properly name John Doe defendants. The Court does not agree. Mr. Belanus was given an opportunity to conduct discovery on John Doe defendants. He could have sent interrogatories regarding the officers on staff in the days leading up to the assault or he could have asked for the name of the officer that attended his criminal proceedings. But instead, Mr. Belanus asked for improper discovery when he requested that Defendants take photos of all staff and provide their names and other information. Defendants responded to Mr. Belanus's requests for photographs by

4

stating that they do not have photographs of their employees. They will not be required to take and produce photographs that do not otherwise exist.

(March 23, 2017 Order, Doc. 118 at 47-48.)

Despite this ruling, Mr. Belanus has filed new motions seeking to add additional defendants because he has obtained from social media the photos of staff at LCDC which he requested in discovery. Just because Mr. Belanus may have been able to locate the photos he sought on Facebook does not mean that Defendants should have been required to search Facebook for the photos Mr. Belanus wanted. The motions will be denied.

This matter has been pending since 2012. Pursuant to the Court's November 18, 2015 Scheduling Order, the deadline for amendments to the pleadings was December 18, 2015. We are long past that deadline. Mr. Belanus has not stated sufficient reasons to bring in new defendants at this late date. Mr. Belanus provides no explanation as to why he was unable to produce this information sooner. The Court will not start this matter over anew on the eve of trial.

The Court will not revisit the various discovery issues at this late date. Mr. Belanus's motion for judicial notice (Doc. 174) and motion to amend/supplement (Doc. 170) are denied.

## IV. Motion for Order to Issue and Serve Subpoena

Mr. Belanus seeks a subpoena be issued to officials at Montana State Prison to produce his medical records from Crossroads Correctional Center. (Doc. 192.) Due to the short time prior to trial, the Court contacted counsel for the Montana Department of Corrections regarding this issue and was advised that the medical records Mr. Belanus subpoenaed from Crossroads were hand delivered to him at 11:06 a.m. on Monday, November 13, 2017.

Based upon that information the motion will be denied. Should Mr. Belanus need to address this issue further, he may do so at the final pretrial conference.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Defendants' Motion in Limine (Doc. 156) is superceded by Defendants' Amended Motion in Limine and is therefore MOOT.

2. Defendants' Amended Motion in Limine (Doc. 158) is GRANTED.

3. Mr. Belanus's Motion in Limine A (Doc. 160) is GRANTED in part and DENIED in part.

4. Mr. Belanus's Motion in Limine B (Doc. 176) is GRANTED.

5. Mr. Belanus's Motion in Limine C (Doc. 177) is DENIED.

6. Mr. Belanus's Motion for On-Call Procedures (Doc. 161) is GRANTED.

7. Mr. Belanus's Motion to Supplement/Amend Defendants (Doc. 170) is DENIED.

8. Mr. Belanus's Motion for Judicial Notice (Doc. 174) is DENIED.

9. Mr. Belanus's Motion for Order to Issue and Serve Subpoena (Doc. 192) is DENIED.

DATED this 16th day of November, 2017.

Dana L. Christensen, Chief District Judge
United States District Court