IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
MAY 0 7 2018
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| DUANE RONALD BELANUS,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF LEO DUTTON, et al.,<br><br>Defendants. | CV 12-00065-H-DLC<br><br>ORDER |

A jury trial was held in this matter in November 2017. The Court granted Defendants' Rule 50 motion on Count 4 as to Lewis and Clark County, Count 11 as to Sheriff Dutton, Count 1 as to Defendant West, and Count 10 as to Ferguson, Bulson, Swain and West. The Court denied the motion on Count 2 as to Swain and Count 9 as to Swain, Hawthrone, and Merritt. The matter went to the jury on the remaining claims and on November 27, 2017, the jury returned a verdict in favor of the Defendants. (Doc. 228.)

Plaintiff Duane Belanus has now filed the following post-trial motions: (1) Rule 48(b) Motion (Doc. 232); (2) Motion for Judgment Notwithstanding Jury Verdict (Doc. 233); (3) Motion for New Trial (Doc. 234); (4) Motion for Judgment as a Matter of Law; (Doc. 235); and a Rule 60(b) Motion (Doc. 236). The motions

1

will be denied.

## I. Rule 48(b) Motion

In his first motion, Mr. Belanus seeks leave pursuant to Local Rule 48.1(b) to interview the trial jurors. Mr. Belanus does not provide an affidavit showing good cause to interview jurors and seeks prohibited testimony in violation of Rule 606 of the Federal Rules of Evidence.

The motion to interview jurors will be denied.

## II. Rule 59 and 60 Motions

Mr. Belanus filed four separate motions seeking to overturn the jury verdict in this case. Although titled differently, all four motions must be considered under Rules 59 and/or 60 of the Federal Rules of Civil Procedure which allow a party to seek post-judgment relief from the Court.

Rule 59 of the Federal Rules of Civil Procedure governs motions for new trial and motions to alter or amend a judgment. Rule 59(a) states, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a)(1). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v.*

*Herron*, 634 F.3d. 1101, 1111 (9th Cir. 2011) (internal citation omitted). These include verdicts against the weight of the evidence, damages that are excessive, and trials that were not fair to the moving party. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007); *see also Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) ("The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.") (citation omitted). A Rule 59 motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Upon the filing of a Rule 59 motion by the party against whom a verdict has been returned, the district court has "the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir.1990) (*quoting Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir.1957)). "[E]rroneous jury instructions, as well

the failure to give adequate instructions, are also bases for a new trial. *Murphy*, 914 F.2d at 187.

Rule 60(b) "provides for reconsideration only upon a showing of[:] (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Fed. R. Civ. P. 60(b)).

Both amending and reconsidering a judgment after entry constitute "extraordinary" remedies that should be used sparingly in the interests of finality and conservation of judicial resources. *Herron*, 634 F.3d at 1111; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## A. Jury Instructions

The root of most of Mr. Belanus's arguments is that the Court's Final Instruction No. 10 utilized the wrong model jury instruction and therefore provided the jury the wrong standard on his failure to protect claim. He is incorrect. Specifically, Mr. Belanus argues that the Court erred in utilizing Ninth Circuit Model Instruction No. 9.27 instead of Model Instruction No. 9.28. There are two problems with Mr. Belanus's arguments.

First, Defendants are correct that Mr. Belanus has waived his objection to

the Court's jury instruction given at trial. Federal Rule of Civil Procedure 51 which governs jury instructions, objections, and preserving claims of error provides:

> (1) *Assigning Error.* A party may assign as error:
>     (A) an error in an instruction actually given, if that party properly objected; or
>     (B) a failure to give an instruction, if that party properly requested it and--unless the court rejected the request in a definitive ruling on the record--also properly objected.
> (2) Plain Error. A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.

Fed.R.Civ.P. 51(d).

Mr. Belanus did not object to the Court's use of Model Instruction No. 27 and he did not request Model Instruction No. 9.28 be given even though the Court directed the Clerk of Court to provide Mr. Belanus a copy of Model Instruction No. 9.28. (Doc. 152 at 13.) Mr. Belanus also cited to Instruction 9.28 in his proposed instructions Nos. 23, 25-28. (Doc. 164-1 at 27-36.) Mr. Belanus did not object to the giving of Final Instruction No. 10 and he did not propose an alternative instruction based upon Model Instruction No. 9.28.

Mr. Belanus did not utilize the standard set forth in Model Instruction No. 9.28 in his proposed instructions. He did, however, propose an instruction utilizing the proper standard set forth in Model Instruction No. 9.27 which is

5

similar to the instruction given by the Court.

In his proposed instruction, Mr. Belanus listed the elements of his claim as follows: (1) Plaintiff was attacked by other incarcerated citizens; (2) Defendant was deliberately indifferent to the substantial risk of such an attack; and (3) As a result of Defendant's conduct, Plaintiff was harmed. (Doc. 164-1 at 29.) As set forth below, this is the correct standard and the standard utilized by the Court.

Second, it was not plain error to utilize Model Instruction No. 9.27 as opposed to Model Instruction No. 9.28. Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (quotation marks omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

The failure of a prison official to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the objective component—the deprivation alleged must be sufficiently serious, and (2) the subjective component—the prison official must possess a sufficiently culpable

state of mind. *Farmer*, 511 U.S. at 834 (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991). For a failure to protect claim, the "sufficiently serious" requirement is satisfied by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993). "The objective question of whether a prison officer's actions have exposed an inmate to a substantial risk of serious harm is a question of fact, and as such must be decided by a jury if there is any room for doubt." *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075–76 (9th Cir. 2013) (citation omitted).

To meet the subjective component, a prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. A prison official can be held liable under the Eighth Amendment for failing to guarantee the safety of a prisoner if they know of and disregard an excessive risk to an inmate's health or safety. *See Farmer*, 511 U.S. at 837. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

A pretrial detainee (as opposed to a convicted prisoner)'s constitutional rights relative to conditions of confinement are addressed under the due process

7

clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted inmates. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). In the past, it was assumed that the standard applicable to a pretrial detainee's conditions of confinement claims brought under the Fourteenth Amendment was the same state of mind requirement as an Eighth Amendment violation. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232 (9th Cir. 2010). In 2015, however, the United States Supreme Court ruled that a pretrial detainee bringing a Fourteenth Amendment excessive force claim need only satisfy an objective standard. *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). The Ninth Circuit extended the *Kingsley* rationale to a Fourteenth Amendment failure-to-protect claim in *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). The Ninth Circuit in *Castro* held,

> . . . the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.

While Ninth Circuit Mode Instruction No. 9.28 is entitled "Particular Rights–Eighth Amendment–Convicted Prisoner's Claim of Failure to Protect," the standard cited in that instruction and the comment to the model instruction make clear that the standard set forth therein is the *Castro* standard and only applies to pretrial detainees.

Mr. Belanus was a convicted prisoner at the time of the incident at issue at trial. Accordingly, the standards set forth in Model Instruction No. 9.27 which applies to convicted prisoners was the proper instruction, as opposed to the one which pertains to pretrial detainees.

**B. Weight of the Evidence**

Mr. Belanus argues Defendants delegated a non-delegable duty and that they had an obligation to "abate" the risk to Mr. Belanus as oppose to simply "address" the risk by telling him to lock himself down. He argues Defendants were required to physically eliminate the substantial risk of serious harm by taking reasonable available measures to abate it.

Mr. Belanus is correct that Defendant have a duty to protect inmates. As set

forth in *Farmer*, a prison official can be held liable under the Eighth Amendment for failing to guarantee the safety of a prisoner if they know of and disregard an excessive risk to an inmate's health or safety. *Farmer*, 511 U.S. at 837. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

But Mr. Belanus cites to no case law establishing that Defendants were obligated to take physical action to "abate" any substantial risk of serious harm. Defendant Hawthorne testified that she told Mr. Belanus to lock himself down. It was Mr. Belanus's burden to establish that this action was insufficient and deliberately indifferent to a substantial risk of harm to his person. The jury determined that he did not meet that burden. Just because Defendants did not take a physical action does not establish as a matter of law that they were deliberately indifferent.

Having considered all the evidence presented at trial, the Court does not find that the jury's verdict was contrary to the clear weight of the evidence.

Based upon the foregoing the Court issues the following:

**ORDER**

1. Mr. Belanus's Rule 48(b) Motion (Doc. 232) is DENIED.

2. Mr. Belanus's Motion for Judgment Notwithstanding Jury Verdict (Doc. 233) is DENIED.

3. Mr. Belanus's Motion for New Trial (Doc. 234) is DENIED.

4. Mr. Belanus's Motion for Judgment as a Matter of Law (Doc. 235) is DENIED.

5. Mr. Belanus's Rule 60(b) Motion (Doc. 236) is DENIED.

DATED this 7th day of May, 2018.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief District Judge
United States District Court